# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Arthur Hill,<br>    Plaintiff,<br><br> v.<br><br>Carvana, LLC and<br>Bridgecrest Credit Company, LLC,<br><br>    Defendants. | Civil Action No. 1:22-cv-00037 |

**DEFENDANTS CARVANA, LLC AND BRIDGECREST CREDIT COMPANY, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendants Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest," and together with Carvana, "Defendants") hereby submit this Reply to Plaintiff's Opposition to Defendants' Joint Partial Motion to Dismiss Plaintiff's Second Amended Complaint (the "Response"), and respectfully shows the Court as follows:

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR VIOLATION OF THE RETAIL INSTALLMENT SALES ACT FAILS.

#### A. PLAINTIFF'S CONTENTION THAT N.C.G.S. §25A-32 APPLIES MERELY BECAUSE THIS CASE INVOLVES A CONSUMER CREDIT SALE IS WITHOUT MERIT.

In Plaintiff's Response, Plaintiff fails to adequately explain why he is entitled to a rebate pursuant to N.C.G.S. § 25A-32 when he was not charged for any unearned finance charges. Rather, Plaintiff contends that because this case involves a "consumer credit sale," then the provisions of the Retail Installment Sales Act ("RISA"), in its entirety, are

1

applicable. (*See* ECF No. 15, Pl. Memo. in Opp. at 5-6.) Plaintiff further asserts that the applicability of N.C.G.S. § 25A-32 does not depend on whether the transaction in question is a simple interest loan or an obligation involving precomputed finance charge;[1] rather, the relevant inquiry is whether the debt representing the price of the goods or services is payable in installments or a finance charge is imposed and whether the amount financed exceeds $75,000.00. (*See id.* at 5-6.) In support of this position, Plaintiff cites to the definition of "consumer credit sale" found in N.C.G.S. § 25A-2(a) and *Ford Motor Credit Co. LLC v. McBride*, 257 N.C. App. 590, 811 S.E.2d 640 (2018). (*See id.* at 7.) However, even if the transaction is a "consumer credit sale," this simply does not end the inquiry of whether N.C.G.S. § 25A-32 is applicable to the Plaintiff's transaction. Further, neither N.C.G.S. § 25A-2(a) nor *Ford Motor Credit Co. LLC*, cited by Plaintiff, supports Plaintiff's position.

Further, Plaintiff's position ignores the fact that in this dispute, which involves a simple interest loan, Defendants did not collect any unearned finance charges. Thus, Plaintiff is asking the Court to award him a rebate that he is not actually owed. *See, e.g.*, *Croysdale v. Franklin Sav. Ass'n*, 601 F.2d 1340, 1345 (7th Cir. 1979) (Noting that on prepayment of a simple interest loan, "only the remining unpaid principal is collected" and that there is no "collection of unearned finance charges"; statute requiring rebate disclosure inapplicable). Moreover, any finance charges Plaintiff alleges are due as a result of the "unlawfully collected and retained" official fees are not recoverable under N.C.G.S. § 25A-

---

[1] Notably, Plaintiff does not dispute that the Retail Installment Sales Contract and Security Agreement is a simple interest loan.

32 because the statute does not apply to simple interest loans.[2] Therefore, Plaintiff's allegation that "[d]iscovery *could* reveal that the APR was lower and the finance charges should have been less" is immaterial because the transaction in question is a simple interest loan. (Pl. Memo in Opp. at 7) (emphasis added).

Although Plaintiff correctly notes that Defendants have not cited to any controlling authority, Plaintiff has not cited to **any authority**, much less controlling, finding N.C.G.S. § 25A-32 applicable under circumstances analogous to this case. Rather, Plaintiff suggests that this Court should ignore persuasive authority from other jurisdictions. (Pl. Memo in Opp. at 5.) *See Nance v. Rowan-Salisbury Bd. of Educ.*, No. 1:17-CV-957, 2019 WL 1437212, at *6 (M.D.N.C. Feb. 27, 2019) ("If there is no controlling authority, the court may then 'look to a consensus of cases of persuasive authority from other jurisdictions, if such exists.'"). In the instant case, by paying off the loan early, Plaintiff paid only the unpaid balance of the principal plus the interest that was ***actually*** earned through the date of prepayment. For this reason, Plaintiff is not owed a rebate pursuant to N.C.G.S. § 25A-32 as a matter of law and his claim for such rebate should be dismissed.

---

[2] Plaintiff's contention that if "N.C.G.S. § 25A-32 is not applicable, the Court renders invalid the N.C.G.S. § 25A-44(3) provision stating in relevant part that 'In the event the seller…shall charge and receive sums not authorized by this Chapter, the buyer shall be entitled to demand and receive the rebate due and excessive or unauthorized charges'" is misplaced. (Pl. Memo in Opp. at 8.) To be clear, Defendants assert that Plaintiff is not entitled to a rebate under N.C.G.S. § 25A-32 because the transaction involves a simple interest loan. Defendants do not contend that Plaintiff cannot pursue relief under N.C.G.S. § 25A-44(3) for "excessive or unauthorized charges" because the transaction is a simple interest loan. Rather, Defendants' position is that Plaintiff is not entitled to the statutory penalties under N.C.G.S. § 25A-44(3) for excessive or authorized charges because Plaintiff did not provide proper written demand as explained further in section 1(B) of this Reply.

## B. **PLAINTIFF'S CONTENTION THAT DEFENDANTS ATTEMPT TO REWRITE N.C.G.S. § 25A-44 IS WITHOUT MERIT.**

Plaintiff contends that Defendants have "attempt[ed] to write a new requirement into the statute" by requiring Plaintiff to contact Bridgecrest by phone. (Pl. Memo. in Opp. at 8-9.) However, Plaintiff's contention is without merit. Inherent in the provisions of RISA is the North Carolina Legislature's intent to protect consumers. Consistent with the spirit of the RISA are Bridgecrest's internal policies and measures also designed to safeguard consumers. Bridgecrest's requirement that Plaintiff call in to verify his identity before disclosing any personal account information, was intended to protect Plaintiff from potential harm, including fraud or identity theft.

Plaintiff's failure to comply, despite receiving multiple messages from Bridgecrest to do so, resulted in Plaintiff not receiving the information he requested. Rather than contacting Bridgecrest by phone as instructed, Plaintiff continued to message Bridgecrest. Further, as shown by Plaintiff's own exhibit to his Response, Plaintiff recorded the entire process, making it evident that Plaintiff intentionally disregarded Bridgecrest's clear instructions to "trigger[]" the "statutory penalties" as stated by Plaintiff in his email to Bridgecrest. (ECF No. 11, Defs Memo in Support of Motion at 11, Ex. A (email labeled "Exhibit 14"); *see also* Pl. Memo in Opp. at 9, FN 3). Plaintiff should not be permitted to circumvent RISA's intent by using an improper demand that appears to have been designed to trigger a potential claim, and not to receive the information requested. For the foregoing reasons, Plaintiff is not entitled to the statutory penalty of "three times the sum of any rebate due and all improper charges which have not been rebated or refunded" provided

for under N.C.G.S. § 25A-44(3) and Defendants' conduct does not constitute a "knowing and willful violation of [RISA]" under N.C.G.S. § 25A-44(4).

## II. PLAINTIFF'S CLAIM FOR VIOLATION OF THE FEDERAL ODOMETER ACT FAILS.

Plaintiff alleges that his claim for violation of the Federal Odometer Act (the "FOA") is not time barred because the federal "discovery rule" applies. (*See* Pl. Memo. in Opp. at 11.) Plaintiff contends that "[t]he cause of action does not accrue until the time that the Plaintiff, 'discovered, or had failed in reasonable diligence to discover, the alleged deception[,]'" which, in this case, was when Plaintiff contends that he received the second odometer disclosure statement in 2021 during discovery while this case was in state court (prior to removal to this Court). (*Id.* at 12 (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582, 585 (1946).) Plaintiff further alleges that "Plaintiff had no other document in his possession to have actual or constructive knowledge of a different mileage until 2021." (Pl. Memo. in Opp. at 12.)

Even accepting Plaintiff's allegations as true, Plaintiff's claim is still time-barred because it is undisputed that Plaintiff was in possession of the subject vehicle when it was delivered on August 17, 2019. The subject vehicle would have plainly indicated its mileage on the date of delivery. Plaintiff's reasonable diligence to discover the alleged deception by Carvana is not limited to Plaintiff's receipt of a document, when Plaintiff possessed the very item that would reflect the accurate mileage. *See Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 331 (M.D.N.C. 2002) ("a plaintiff cannot take advantage

5

of equitable tolling if 'a reasonable person would be aware of the possibility of the claim,' even if the defendant acted fraudulently").

For this reason, the statute of limitations for Plaintiff's claim began when the subject vehicle was delivered on August 17, 2019. Plaintiff, however, did not commence this action until October 28, 2021 and did not add his claim for violation of the FOA until January 21, 2022 with the filing of the Second Amended Complaint ("SAC"). Further, Plaintiff disregards the fact that the alleged overstatement of **35** miles[3] simply lacks materiality and, as a result, cannot form the basis of the "intent to defraud" necessary to state a plausible claim under the FOA. *See Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220, 223 (4th Cir. 2002) (finding the "deviation lacked materiality and was consequently insufficient to show an 'intent to defraud' as required by the statute" where "the odometer disclosure was misstated by only approximately three miles"). *See also* North Carolina Title and License Manual § 1, ch. 4 at p. 2 (15th ed. 2018), *available at* https://connect.ncdot.gov/business/dmv/dmv%20docume nts/nc%20title%20manual.pdf (Defs Memo in Support of Motion at 11, Ex. B) (discrepancy of less than 1,000 miles is acceptable). For these reasons, Plaintiff's claim for violation of the FOA should be dismissed.

---

[3] Plaintiff admits in footnotes 1 and 5 of his Response that he misstated the mile difference by alleging a 1,035-mile discrepancy instead of 35 miles. Plaintiff now contends that he has alleged "that there was intent to defraud the Plaintiff regarding a warranty" and cites to paragraph 35 of the SAC. (Pl. Memo in Opp. at 12.) Paragraph 35 of the SAC, however, is devoid of any such allegation.

6

### III. PLAINTIFF'S CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT FAILS.

Plaintiff asserts that the Truth in Lending Act ("TILA") claims should not be dismissed "based on a statute of limitations defense at this stage because Plaintiff has alleged fraudulent concealment of information that could have provided actual or constructive knowledge that Carvana charged, collected but did not pay certain official fees to the DMV." (Pl. Memo. in Opp. at 13.) Conclusory allegations of fraudulent concealment, however, are insufficient to justify tolling the statute of limitations. *See Stephens v. Bank of Am. Home Loans, Inc.*, No. 5:16-CV-660-F, 2017 WL 384315, at *6 (E.D.N.C. Jan. 25, 2017). In Plaintiff's Response, Plaintiff does not point to any alleged facts that would demonstrate Carvana purposefully mislead Plaintiff with the type of affirmative effort needed to support a finding of fraudulent concealment. *See Mullinax*, 199 F. Supp. 2d at 329 (holding that despite the plaintiff's conclusory allegations that the defendant fraudulently concealed kickback schemes, the plaintiff failed to meet all elements of equitable tolling where "[a]t most, the kickback methods allegedly used by [the defendant], if proved, could demonstrate that [the defendant] tried to hide these activities, but it does not demonstrate evidence of the type of affirmative effort to mislead which is usually required and present to justify a finding of fraudulent concealment"). Aside from Plaintiff's conclusory allegation of fraudulent concealment, Plaintiff only contends that Carvana did not provide Plaintiff with the receipt portion of the registration for the subject vehicle in 2019. (Pl. Memo. in Opp. at 13.) As stated *supra*, this is insufficient to establish Carvana intended to defraud the Plaintiff. *See Mullinax*, 199 F. Supp. 2d at 329. Because

7

Case 1:22-cv-00037-CCE-LPA   Document 16   Filed 03/03/22   Page 7 of 10

Plaintiff has alleged no facts demonstrating that he is entitled to equitable tolling, Plaintiff's TILA claim is barred by the 1-year statute of limitations and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order dismissing, with prejudice, Count 2 of Plaintiff's SAC, and Carvana respectfully requests that this Court enter an order dismissing, with prejudice, Counts 4 and 5 of Plaintiff's SAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated this 3rd day of March, 2022.             Respectfully submitted,

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

***Attorney for Carvana, LLC and Bridgecrest Credit Company, LLC***

# Certificate of Compliance

Pursuant to Local Rule 7.3(d)(1) of the Rules of this Court, I certify that Defendants Carvana, LLC and Bridgecrest Credit Company, LLC's Reply to Plaintiff's Opposition to Defendants' Joint Partial Motion to Dismiss Plaintiff's Second Amended Complaint, Pursuant to Rule 12(b)(6), which was prepared using Times New Roman 13-point typeface, contains 2,007 words, excluding the parts of the document that are exempted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of March 2022.

> */s/Ashia Crooms-Carpenter*
> Ashia Crooms-Carpenter
> N.C. Bar No. 54342
> NELSON MULLINS RILEY &
> SCARBOROUGH LLP
> ashia.carpenter@nelsonmullins.com
> 301 South College Street / 23rd Floor
> Charlotte, NC 28202
> Phone: (704) 417-3000
> Fax: (704) 377-4814
>
> ***Attorney for Carvana, LLC and Bridgecrest Credit Company, LLC***

**CERTIFICATE OF SERVICE**

  I, Ashia Crooms-Carpenter, hereby certify that, on March 3, 2022 a true and correct copy of the foregoing was served upon Arthur Hill using the Court's CM/ECF system:

  Arthur Hill
  2849 Trestle Court SW
  Concord, NC 28025
  ***Pro Se Plaintiff***

              */s/Ashia Crooms-Carpenter*
              ***Attorney for Carvana, LLC and***
              ***Bridgecrest Credit Company, LLC***