IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No: 22-CV-00037

ARTHUR HILL, )
)
      Plaintiff, pro se, )
)
vs. )
)
Carvana, LLC. and )
Bridgecrest Credit Company, LLC. )
)
      Defendants. )
)

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Arthur Hill, hereby moves the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7.2, 7.3 and 56.1, for Partial Summary Judgment regarding the Second Amended Complaint (ECF No. 8 ["SAC"]) against Defendants Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest").

The above-entitled case relates to another case pending before this Court, 1:21-CV-00714 ("Hill v Carvana #1) as all of the allegations and claims stated in this case could have been included in Hill v Carvana #1 under Fed. R. Civ. R. 15. Each case begins or arises from Plaintiff's initial interactions with Carvana resulting in a transaction in August 2019 for the purchase of a vehicle. While this case was pending in state court, the Defendants answered the original complaint and Carvana responded to Plaintiff's first request for production and interrogatories. Due to receiving unverified responses to

1

interrogatories from Carvana, Plaintiff is unable to use those responses under Rule 56(c) as it would effectively make the attorney who signed them a witness. The responses to requests for production led to a federal claim just prior to removal and another right after removal. The motion asks the Court to rule in Plaintiff's favor regarding liability only as to Count 2 (Retail Installment Sales Act ["RISA"]), Count 4 (Federal Odometer Act ["FOA"]) and Count 5 (Truth In Lending Act ["TILA"]).

For **Count 2**, Plaintiff argues that, given Carvana knew the Plaintiff didn't owe certain official fees which they disclosed and collected with interest, both Defendants violated RISA by (1) not providing a statement of account that would have aided Plaintiff in uncovering unearned finance charges and amounts that were paid and not paid to third parties as well as (2) failing to provide a (i) rebate of unearned finance charges, (ii) refund of unauthorized sums and (iii) refund of finance charges that were paid on account of any official fees which were prepaid due to a $10,000 down payment.

For **Count 4**, Plaintiff argues that Carvana disclosed the incorrect mileage and undertook affirmative acts to fraudulently conceal the true mileage as part of their overall scheme to defraud, using their ability to exploit their handling of the title and registration process and withhold documents that would have revealed the truth. Part of their scheme apparently also involved (i) forging an undisclosed power of attorney that wasn't authorized by this state, (ii) forging an undisclosed second odometer disclosure statement that revealed the true mileage and (iii) forging an undisclosed title application that was sent

2

to the DMV which also revealed the true mileage. All of these documents were only revealed to the Plaintiff in response to discovery requests in December 2021.

And finally, regarding **Count 5**, Plaintiff argues that Carvana's superior knowledge of the laws regarding official fees, their actions regarding handling and exploitation of title and registration process and affirmative acts to conceal TILA violations were an integral part of violating the truth in lending act, allowing them to again thwart Plaintiff's ability to uncover violations with reasonable diligence within a reasonable time.

**WHEREFORE**, Plaintiff respectfully requests that the Court find that there are no genuine material facts in dispute requiring a trial as to liability and Plaintiff is entitled to judgment as a matter of law regarding liability as Counts 2, 4 and 5 of the SAC in accordance with Fed. R. Civ. P. 56. Alternatively, Plaintiff asks the Court the grant summary judgment as to liability on Count 2 and further hold that Counts 4 and 5 should be equitably tolled, reserving further judgment as to liability until additional discovery is taken. A memorandum in support is attached contemporaneously herewith.

Respectfully submitted this 8th day of March, 2022.

*Arthur Hill*
Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: (980)-521-1819
E-mail: artbhill@hotmail.com
***Plaintiff, pro se***

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 8, 2022 a true and correct copy of the foregoing was served upon the following attorney(s) of record by email:

Ashia Crooms-Carpenter
Nelson Mullins Riley & Scarborough LLP
301 South College Street / 23rd Floor
Charlotte, NC 28202
Email: ashia.carpenter@nelsonmullins.com
Phone: (704) 417-3000

*Arthur Hill*

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: (980)-521-1819
E-mail: artbhill@hotmail.com
***Plaintiff, pro se***

4