IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:22-CV-37 |
| CARVANA, LLC and BRIDGECREST CREDIT COMPANY, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The plaintiff, Arthur Hill, bought a car from the defendant, Carvana, LLC. He financed the purchase. He alleges that Carvana engaged in fraud, a violation of the Federal Odometer Act, and a violation of the Truth in Lending Act. He also alleges violations of two North Carolina statutes, the Retail Installment Sales Act and the unfair and deceptive trade practices statute by both Carvana and defendant Bridgecrest Credit Company. The defendants filed a motion to dismiss the claims under the Retail Installment Sales Act, the Federal Odometer Act, and the Truth in Lending Act. The motion to dismiss is granted for the Federal Odometer Act claim but is otherwise denied.

I. **Legal Standard**

As is appropriate at this stage, the facts are taken from the amended complaint, Doc. 8, those facts are assumed to be true for the purposes of the motion, and the court draws all reasonable inferences in favor of the plaintiff. *See Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). Courts liberally construe a plaintiff's *pro se*

complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of a complaint," and the Court's "evaluation is thus generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). However, courts may also consider documents attached to the complaint as exhibits. *Id.* at 166; *see also* Fed. R. Civ. P. 10(c). Here, the amended complaint quotes from and makes numerous references to exhibits attached to the complaint. Docs. 8-1–8-11. These exhibits are properly considered in ruling on the 12(b)(6) motion.

## II. Motion to Dismiss

### A. The Retail Installment Sales Act

In his second claim for relief, Doc. 8 at ¶¶ 79–86, Mr. Hill contends that the defendants violated the North Carolina Retail Installment Sales Act by failing to provide a statement of account upon request, as required by N.C. Gen. Stat. § 25A-35, and by failing to provide a rebate required by § 25A-32 after Mr. Hill paid off his car loan early. He also appears to contend that this rebate should be calculated based on the defendants' allegedly illegal inclusion of certain fees in the principal amount of the loan. Doc. 8 at ¶ 84. The defendants move to dismiss, contending that § 25A-32 does not apply because Mr. Hill's loan was a "simple loan," not a loan involving precomputed finance charges. Doc. 11 at 6–9. In other words, the defendants say they do not owe a rebate.

The defendants' argument is not completely clear, and they do not address the statutory language of § 25A-32 at all. Instead, they cite cases from other jurisdictions

2

without explaining whether those cases arise in the context of statutes similar to § 25A-32. The Court has no obligation to try to figure this out on its own. *See, e.g.*, *Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do."). Moreover, whether the defendants do or do not owe a rebate is a dispute over a factual allegation, typically not a basis for a motion to dismiss. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (noting a party may challenge the merits of a claim through a motion for summary judgment).

The defendants also assert that this claim should be dismissed because Mr. Hill did not follow their instructions on how to appropriately ask for the § 25A-35 statement and § 25A-32 rebate. Doc. 11 at 10–12. This too raises factual issues inappropriate for resolution on a motion to dismiss. The motion to dismiss this claim will be denied.

### B. The Federal Odometer Act

Carvana moves to dismiss Mr. Hill's claim that it violated the Federal Odometer Act. Doc. 11 at 13. The Act requires a seller to disclose to the buyer in writing the "cumulative mileage registered on the odometer." 49 U.S.C. § 32705(a)(1)(A). It also allows private citizens to recover money damages from those who violate the Act if there is an intent to defraud and the action is brought within two years of accrual. *Id.* § 32710(a)-(b); *see also Bodine v. Graco, Inc.*, 533 F.3d 1145, 1151–55 (9th Cir. 2008) (interpreting the phrase "with intent to defraud" as it relates to Federal Odometer Act civil actions by private persons). An odometer disclosure misstatement must be material

3

to show an intent to defraud. *See Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220, 223 (4th Cir. 2002) (per curiam) (persuasively holding that a misstatement of three miles on the odometer disclosure statement "lacked materiality and was consequently insufficient to show an 'intent to defraud'").

The complaint and attached exhibits allege that Carvana gave Mr. Hill one odometer statement when he bought the car and another one soon thereafter and that the mileage reported on the two statements differed by 35 miles.[1] Docs. 8-10–8-11. A discrepancy of 35 miles is not enough to state a claim, and, in the alternative, the claim is barred by the statute of limitations.

A violation occurs when the mileage on the disclosure is not the actual mileage of the car. Here, Mr. Hill offers no factual allegation about what the actual mileage of the car was when he received it. That is, he does not tell the court what the odometer said when he got the car and he doesn't allege that the odometer disclosure form he received was not the "cumulative mileage registered on the odometer." 49 U.S.C. § 32705(a)(1)(A). Moreover, a discrepancy of 35 miles is not, by itself, enough to make a claim that the defendants acted with intent to defraud plausible. *See Gavin*, 28 F. App'x at 223 (persuasively holding that minor deviations in mileage lack materiality and are insufficient to show an intent to defraud).

---

[1] Mr. Hill alleges in his second amended complaint that the first odometer disclosure statement he received said 34,447 miles, Doc. 8 at ¶ 35, but this appears to be a clerical error, since the document itself, attached by Mr. Hill to the complaint, says 1,000 miles more, 35,447 miles. Doc. 8-10. To the extent Mr. Hill alleges that the mileage differed by 1,035 miles, that claim is obviously inaccurate. The Court is not required to accept as true a factual allegation about what documents say when the documents themselves show otherwise.

4

Even if this were not the case, the claim would be barred by the statute of limitations. While a statute of limitations affirmative defense is generally not appropriate at the motion to dismiss stage, it may be raised and granted if "the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). This is not a case where Mr. Hill claims that the odometer was rolled back, so he had obvious notice of the actual correct mileage when he took possession of the car on August 17, 2019. Yet he did not file this lawsuit until October 28, 2021, more than two years later.

Carvana's motion to dismiss Mr. Hill's Federal Odometer Act claim will be granted.

### C. The Truth in Lending Act

Carvana moves to dismiss Mr. Hill's claim that it violated the Truth in Lending Act based on the statute of limitations. Doc. 11 at 16. The TILA requires lenders in certain consumer credit transactions to make a number of specified disclosures, including a conspicuous disclosure of the finance charge. 15 U.S.C. § 1631 *et seq.*[2] If a creditor fails to comply, the consumer has a private cause of action, *id.* § 1640, which must be brought within one year of the violation. *Id.* § 1640(e).

---

[2] In particular, a "finance charge" must be "disclosed more conspicuously than other terms, data, or information provided in connection with a transaction[.]" 15 U.S.C. § 1632(a). A finance charge "in connection with any consumer credit transaction . . . [is] the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." *Id.* § 1605(a).

5

Mr. Hill alleges that Carvana failed to disclose several financing charges on August 17, 2019, in violation of the TILA. Doc 8 at ¶¶ 103, 105–07; Doc. 8-1 at 1. But he did not file this lawsuit until October 28, 2021, more than a year later. 15 U.S.C. § 1640(e). Nothing else appearing, this claim should be dismissed. *See Dean*, 395 F.3d at 474.

But more does appear in the complaint. Mr. Hill has alleged facts tending to support a plausible argument for equitable tolling of the one-year statute of limitations. Doc. 8 at ¶ 108. When adequately alleged, and ultimately proven, fraudulent concealment tolls the statute, which begins to run on the discovery of the fraud. *See, e.g.*, *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.,* 71 F.3d 119, 122 (4th Cir. 1995); *Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 754 (E.D. Va. 2009), *aff'd*, 332 F. App'x 113 (4th Cir. 2009).

Here, Mr. Hill alleges he became aware of the difference between Carvana's purported reasons for the fees and the actual disposition of the fees around October 13, 2021. Doc. 8 at ¶¶ 24–26. A time bar is thus not apparent on the face of the complaint. *See Dean*, 395 F.3d at 474. This issue is better addressed on a more developed factual record, and the motion to dismiss will be denied.

### III. Conclusion

Mr. Hill's factual allegations, taken as true, do not support a Federal Odometer Act claim. The Court will grant the motion to dismiss that cause of action for failure to state a claim. However, Mr. Hill has plausibly alleged facts supporting a Retail Installment Sales Act claim and equitable tolling of the time to bring his TILA claim.

The Court will deny the motion to dismiss Mr. Hill's claims under TILA and the North Carolina Retail Installment Sales Act.

It is **ORDERED** that the defendants' motion to dismiss, Doc. 10, is **GRANTED in part** and Count 4 is **DISMISSED, and DENIED in part**. The claims asserted in Counts 2 and 5 will proceed.

This the 5th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE