UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Arthur Hill,<br><br>                    Plaintiff,<br><br>   v.<br><br>Carvana, LLC and<br>Bridgecrest Credit Company, LLC,<br><br>                    Defendants. | Civil Action No. 1:22-cv-00037 |

## DEFENDANTS CARVANA, LLC AND BRIDGECREST CREDIT COMPANY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING COUNT 4 OF THE SECOND AMENDED COMPLAINT

Defendants Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest," and together with Carvana, "Defendants") hereby submit this Response in Opposition to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Count 4 of the Second Amended Complaint ("SAC"), and respectfully show the Court as follows:

## INTRODUCTION

Plaintiff filed a motion to reconsider the Court's Order dated April 5, 2022 (the "Order"), which dismissed Plaintiff's claim under the Federal Odometer Act ("FOA") against Carvana. The Court's basis for dismissal is twofold: "A discrepancy of 35 miles is not enough to state a claim, and, in the alternative, the claim is barred by the statute of limitations." (Ord. on Mot. to Dismiss, ECF No. 21 at 4). Plaintiff contends that the Court "improperly misapprehended and contradicted factual allegations of the Complaint [and]

1

ignored allegations that would not warrant dismissal" and as such, the Court should reconsider its Order. (Pl.'s Memo. in Supp. of Mot. for Recon., ECF No. 24 at 15). Central to all of Plaintiff's arguments is that the Court failed to consider Plaintiff's allegations of forgery. (*See* ECF No. 24 at 3-15; Pl.'s Mot. for Recon., ECF No. 24 at 2). Plaintiff, however, is mistaken. This Court did consider Plaintiff's allegations, but Plaintiff's allegations of forgery are simply not relevant to the grounds for the Court's dismissal of Plaintiff's FOA claim and, as a result, would not change this Court's analysis.

## **RELEVANT FACTUAL ALLEGATIONS**

Plaintiff purchased a 2016 BMW (the "Subject Vehicle") from Carvana in August 2019. (SAC, ECF No. 8 ¶ 8). Carvana provided Plaintiff with the Odometer Disclosure that he purportedly signed using DocuSign (the "First Odometer Disclosure Statement"), among other documents, on August 17, 2019, the same date of delivery of the Subject Vehicle. (ECF No. 8 ¶ 35). The First Odometer Disclosure Statement, attached to the SAC as Exhibit 10, indicates that the mileage of the Subject Vehicle was 35,447. (SAC, Ex. 10, ECF No. 8-10). Plaintiff alleges that he was provided a second Odometer Disclosure (the "Second Odometer Disclosure Statement") for the first time during discovery in the state court action and alleges that his signature on this document was forged. (ECF No. 8 ¶ 35). The Second Odometer Disclosure Statement, attached to the SAC as Exhibit 11, reveals the mileage of the Subject Vehicle was 35,482. (SAC, Ex. 11, ECF No. 8-11).

# ARGUMENT

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE HE DOES NOT ALLEGE OR SHOW THE EXISTENCE OF NEWLY DISCOVERED EVIDENCE, A CHANGE IN CONTROLLING LAW, OR AN ERROR THAT RESULTS IN A MANIFEST INJUSTICE.

Plaintiff improperly filed a Motion to Reconsider pursuant to Rule 59(e), Federal Rules of Civil Procedure. Rule 59(e), however, applies only to *final* judgments. *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (comparing motions to reconsider final judgments under Rule 59(e) to motions to reconsider interlocutory orders under Rule 54(b)); *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (same). An order granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward is plainly an interlocutory order. *See Goodman v. Johnson*, 471 F. App'x 114, 115 n.2 (4th Cir. 2012) ("the order granting partial dismissal" is "neither final nor an appealable interlocutory order"); *Garrett v. Fleming*, 71 F. App'x 238, 238 (4th Cir. 2003) (orders that "do not dispense with all claims as to all parties . . . are neither final orders nor appealable interlocutory or collateral orders").

Plaintiff wants this Court to reconsider the Order which dismisses only Count 4 of the SAC for violation of the FOA asserted against Carvana only. (ECF No. 21. *See also* ECF No. 8 ¶¶ 96-101). There are four remaining claims to be adjudicated against Carvana and Bridgecrest. (*See generally* SAC). Since the Order does not resolve all the claims, it is not a final judgment. *See Goodman*, 471 F. App'x at 115 FN 2; *Garrett*, 71 F. App'x 238, 238. Thus, Plaintiff's Rule 59(e) motion is improper.

3

Under Rule 54(b), the only rule potentially implicated here, the Court retains the power to reconsider and modify an interlocutory judgment. *See U.S. Tobacco Coop. Inc.*, 899 F.3d at 256; *Carlson*, 856 F.3d at 325. Rule 54(b) provides that "any order ... that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b), however, is ***only*** appropriate on the following grounds: (1) to account for newly discovered evidence; (2) to account for a change in applicable law; or (3) to correct a clear error causing manifest injustice. *See Carlson*, 856 F.3d at 325; *Hatch v. DeMayo*, No. 1:16CV925, 2021 WL 1124389, at *2 (M.D.N.C. Mar. 24, 2021). Rule 54(b) motions "should not be used to rehash arguments the court has already considered or to raise new arguments or evidence that could have been raised previously." *Hatch*, 2021 WL 1124389 at *2 (internal quotation marks and citation omitted). *See also U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 ("[W]hile Rule 54(b) gives a district court discretion to revisit earlier rulings in the same case, such discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (internal quotation marks and citations omitted).

Plaintiff has not identified (and cannot) any change in controlling law or any newly discovered evidence. Instead, Plaintiff argues that the Court's ruling was in clear error. (ECF No. 24 at 1). What is clear from Plaintiff's Memorandum in Support of Request for Reconsideration, however, is that Plaintiff only rehashes previously made arguments

already presented to and rejected by the Court, which is not proper under Rule 54(b). *See Hatch*, 2021 WL 1124389 at *2; *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257.

Since Plaintiff did not move under Rule 54(b) and did not provide any basis for the Court to reconsider its ruling, the Court can and should summarily deny Plaintiff's Motion to Reconsider.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THE GROUNDS FOR DISMISSAL WERE CORRECT.

Even if the Court reaches the merits of Plaintiff's Motion for Reconsideration, the result is the same: Plaintiff's Motion for Reconsideration should be denied because the Court's dismissal of Plaintiff's FOA claim was correct.

First, Plaintiff faults the Court for not "citing paragraph 35 of the SAC or mentioning the word 'forged'" in its Order. (ECF No. 24 at 2; *see also* ECF No. 8 ¶ 35). Plaintiff presumes that the Court "ignored" the allegations contained in paragraph 35 of the SAC concerning the purported forgery of the two odometer disclosure statements simply because the Court did not explicitly reference those allegations in its Order. (Order, ECF No. 21 at 4). However, the Could did not need to mention Plaintiff's forgery allegations since they provided no basis for the Court's ruling.

The Court articulated two grounds for dismissal of Plaintiff's FOA claim, neither of which are impacted at all by Plaintiff's forgery allegations. First, the Court found that "a discrepancy of 35 miles is not, by itself, enough to make a claim that the defendants acted with intent to defraud plausible." (ECF No. 21 at 4). Second, the Court found that the FOA claim was barred by the two-year statute of limitations because Plaintiff "had obvious

5

notice of the actual correct mileage when he took possession of the car on August 17, 2019 [and] [y]et did not file this lawsuit until October 28, 2021, more than two years later." (*Id.* at 5). *Whether* the odometer disclosure statements were forged and *when* Plaintiff received the alleged forged odometer disclosure statements are simply **not** material to the Court's analysis in dismissing the Plaintiff's FOA claim.[1]

For the Court's first basis of dismissal, the only relevant fact is that Plaintiff's FOA claim is admittedly premised on a **35-mile discrepancy**.[2] (*See* ECF No. 21 at 4). The Court found that "[a] discrepancy of 35 miles is not enough to state a claim" for violation of FOA. (*See* ECF No. 21 at 4). This ends the inquiry. Plaintiff's contention that the Court improperly relied on *Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220 (4th Cir. 2002) simply because it was an unpublished Fourth Circuit opinion is inaccurate. (ECF No. 25 at 12, 16-17). Although unpublished decisions of the Fourth Circuit are not binding, they are entitled "to the weight they generate by the persuasiveness of their reasoning." *Packrite, LLC v. Graphic Packaging Int'l, LLC*, No. 1:17CV1019, 2020 WL 7060395, at *5 (M.D.N.C. Dec. 2, 2020). The Court found *Gavin* was persuasive authority. (ECF No. 21 at 4 (citing *Gavin* as "persuasively holding that minor deviations in mileage lack materiality and are insufficient to show an intent to defraud")). Further, Plaintiff's assertion that counsel for Defendants violated Local Rule 7.2(c) by not providing the Court or

---

[1] Plaintiff requests that the Court take judicial notice of certain documents filed in the Eastern District of Missouri in *Saddler v. Carvana, LLC*, Case No. 4:20-cv-00105-HEA (E.D. Mo. Aug. 11, 2020). Defendants incorporate their Response in Opposition to Plaintiff's Request for Judicial Notice filed contemporaneously herewith.

[2] The 35-mile discrepancy is alleged by Plaintiff and is independent of Plaintiff's forgery allegations. (ECF No. 25 at 3; ECF No. 8 ¶ 35; ECF Nos. 8-10-8-11).

6

Case 1:22-cv-00037-CCE-LPA   Document 30   Filed 05/02/22   Page 6 of 10

Plaintiff with a copy of *Gavin* and that the Court condoned the purported violation is also incorrect. (*See* ECF No. 25 at 12-13). Local Rule 7.2(b) provides that "[f]or purposes of these rules, published decisions **include decisions published in widely used reports and electronic databases, specifically including Westlaw and LEXIS**." Because *Gavin* is available on Westlaw, it was considered a published decision for purposes of the Local Rules governing this case and as such, counsel for Defendants had no obligation to provide this Court or Plaintiff with a copy of the opinion under Local Rule 7.2(c). *See Edwards v. Parrish Tire Co.*, No. 1:18CV811, 2019 WL 4246671, at *5 (M.D.N.C. Sept. 6, 2019) ("a case is not unpublished if it is available on Westlaw or LEXIS") (citing LR 7.2(b)-(c)).

For the Court's second basis of dismissal, the only relevant facts are that Plaintiff received the First Odometer Disclosure Statement and took possession of the Subject Vehicle on the same day, August 17, 2019, and Plaintiff did not file this lawsuit until October 28, 2021.[3] (*See* ECF No. 21 at 5). As the Court explained, "[t]his is not a case where Mr. Hill claims that the odometer was rolled back, so he had ***obvious notice*** of the actual correct mileage when he took possession of the car on August 17, 2019" and as a result, his FOA claim first accrued on that date. (*Id.*) (emphasis added). The date in which Plaintiff alleges he had ***actual notice*** of the 35-mile discrepancy is immaterial where the Court has held that Plaintiff had "obvious notice" of the actual correct mileage when he took possession of the Subject Vehicle more than one-year before he filed this lawsuit. (*Id.*)

---

[3] These facts are either alleged by Plaintiff and a matter of public record. (ECF No. 25 at 3; ECF No. 8 ¶¶ 9, 35; ECF No. 8-10; Joint Notice of Removal, Ex. 1, ECF No.1-1).

Because Plaintiff has not provided any basis to reconsider the Court's Order dismissing of Plaintiff's FOA claim, Plaintiff's Request for Reconsideration should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration should be denied, and Plaintiff's request for the Court to consider Plaintiff's Motion for Partial Summary Judgment as part of its review or, in the alternative, defer ruling on Plaintiff's Motion for Reconsideration until after it rules on its Motion for Partial Summary Judgment should also be denied.

Dated this 2nd day of May, 2022.   Respectfully submitted,

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

***Attorney for Carvana, LLC and***
***Bridgecrest Credit Company, LLC***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 7.3(d)(1) of the Rules of this Court, I certify that DEFENDANTS CARVANA, LLC AND BRIDGECREST CREDIT COMPANY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING COUNT 4 OF THE SECOND AMENDED COMPLAINT, which was prepared using Times New Roman 13-point typeface, contains 2,016 words, excluding the parts of the document that are exempted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of May 2022.

                                               */s/Ashia Crooms-Carpenter*
                                               Ashia Crooms-Carpenter
                                               N.C. Bar No. 54342
                                               NELSON MULLINS RILEY &
                                               SCARBOROUGH LLP
                                               ashia.carpenter@nelsonmullins.com
                                               301 South College Street / 23rd Floor
                                               Charlotte, NC 28202
                                               Phone: (704) 417-3000
                                               Fax: (704) 377-4814

                                               ***Attorney for Carvana, LLC and***
                                               ***Bridgecrest Credit Company, LLC***

**CERTIFICATE OF SERVICE**

      I, Ashia Crooms-Carpenter, hereby certify that, on May 2, 2022 a true and correct copy of the foregoing was served upon Arthur Hill using the Court's CM/ECF system:

    Arthur Hill
    2849 Trestle Court SW
    Concord, NC 28025
    ***Pro Se Plaintiff***

                              */s/Ashia Crooms-Carpenter*
                              ***Attorney for Carvana, LLC and***
                              ***Bridgecrest Credit Company, LLC***