UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Arthur Hill,<br>                 Plaintiff,<br><br>   v.<br><br>Carvana, LLC and<br>Bridgecrest Credit Company, LLC,<br><br>               Defendants. | Civil Action No. 1:22-cv-00037 |

### DEFENDANTS CARVANA, LLC AND BRIDGECREST CREDIT COMPANY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest" and together with Carvana, the "Defendants"), by and through undersigned counsel, hereby file this Response in Opposition to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion for Reconsideration and Motion for Partial Summary Judgment.

### LEGAL STANDARD

Courts may only judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "While Federal Rule of Evidence 201 allows a court to take judicial notice of a document filed in another court to establish the fact of such litigation, courts cannot take judicial notice of the factual findings of another court." *In re*

1

*Hunter*, 610 B.R. 479, 491 (Bankr. M.D.N.C. 2019) (quotation marks and citations omitted). The Fourth Circuit provides further clarity on when a court may take judicial notice: "We may take judicial notice of facts outside the record where the fact may not be reasonably disputed and is '**relevant and critical** to the matter on appeal.'" *United States v. Townsend*, 886 F.3d 441, 444 (4th Cir. 2018) (quoting *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (emphasis added); *see also* 21B Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. § 5104 (2d ed.) ("[C]ourts would be foolish to take judicial notice of an irrelevant fact.")

## ARGUMENT

In an attempt to revive his claim for violation of the Federal Odometer Act ("FOA"), that was properly considered and dismissed by this Court, Plaintiff requests that this Court take judicial notice of an order granting Carvana's motion to compel arbitration as well as a declaration in support of Carvana's motion filed in the Eastern District of Missouri in *Saddler v. Carvana, LLC*, Case No. 4:20-cv-00105-HEA (E.D. Mo. Aug. 11, 2020), which are attached to Plaintiff's Request for Judicial Notice as Exhibits 1 and 2. (Pl.'s Req. for Jud. Not., ECF No. 26; ECF Nos. 26-1-26-3). More specifically, Plaintiff seeks to introduce these documents to support his allegation that he neither electronically signed the odometer statement attached as Exhibit 11 to the Second Amended Complaint ("SAC") nor provided a wet or original signature on the odometer statement attached as Exhibit 11 to SAC. (*See* Pl.'s Memo in Supp. of Mot. For Recon., ECF No. 25 at 7-10).

Plaintiff's allegations of forgery, however, are simply not material to Plaintiff's Federal Odometer Act ("FOA") claim because this Court based its dismissal on two

2

separate grounds, neither of which are dependent on allegations of forgery. First, the Court found that "a discrepancy of 35 miles is not, by itself, enough to make a claim that the defendants acted with intent to defraud plausible." (Ord. on Mot. to Dismiss, ECF No. 21 at 4). Second, the Court found that the FOA claim was barred by the two-year statute of limitations because Plaintiff "had obvious notice of the actual correct mileage when he took possession of the car on August 17, 2019 [and] [y]et did not file this lawsuit until October 28, 2021, more than two years later." (*Id.* at 5). Because Plaintiff's allegations of forgery are not relevant to Plaintiff's FOA claim and will not change the basis of this Court's ruling, judicial notice is not appropriate. *See Townsend*, 886 F.3d at 444; Fed. Prac. & Proc. § 5104.

To the extent Plaintiff seeks to have the Court take judicial notice of Exhibits 1 and 2 to support Plaintiff's Motion for Partial Summary Judgment regarding his claims for violations of the North Carolina Retail Installment Sales Act ("RISA") or the Truth in Lending Act ("TILA"), judicial notice is also not appropriate because the documents are not relevant to those claims.[1] Moreover, to the extent Plaintiff seeks to have the Court take judicial notice of the factual findings of the *Saddler* order (ECF No. 26-3), judicial notice

---

[1] The title of Plaintiff's Request for Judicial Notice (ECF No. 26) suggests that Plaintiff's Request applies to both Plaintiff's Motion for Reconsideration (ECF No. 24) and Motion for Partial Summary Judgment (ECF No. 17). Plaintiff's Request for Judicial Notice, however, does not establish any basis to support Plaintiff's Motion for Partial Summary Judgment which was filed *prior to* Plaintiff's Request for Judicial Notice. (*See* ECF No. 26; ECF No. 25; ECF No. 26). Moreover, Plaintiff's Response in Opposition to Defendants' Cross Motion for Summary Judgment and Reply merely references Plaintiff's Request for Judicial Notice in support of Plaintiff's FOA claim only. (*See* Pl.'s Resp. in Opp. to Defs.' Cross-Motion for Summ. J. and Reply, ECF No. 28 at 7).

3

is also not appropriate because courts are prohibited from taking judicial notice of the factual findings of another court. *See In re Hunter*, 610 B.R. at 491. In further support thereof, Defendants incorporate their Response in Opposition to Plaintiff's Motion for Reconsideration filed contemporaneously herewith.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion for Reconsideration and Motion for Partial Summary Judgment.

Dated this 2nd day of May, 2022.         Respectfully submitted,

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

***Attorney for Carvana, LLC and Bridgecrest Credit Company, LLC***

---

[2] Plaintiff request for this Court to take judicial notice of *Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220 (4th Cir. 2002) is unnecessary as Defendants were not required to furnish this Court or Plaintiff a copy of the opinion since it is available on Westlaw. *See Edwards v. Parrish Tire Co.*, No. 1:18CV811, 2019 WL 4246671, at *5 (M.D.N.C. Sept. 6, 2019) ("a case is not unpublished if it is available on Westlaw or LEXIS") (citing LR 7.2(b)-(c)).

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 7.3(d)(1) of the Rules of this Court, I certify that DEFENDANTS CARVANA, LLC AND BRIDGECREST CREDIT COMPANY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, which was prepared using Times New Roman 13-point typeface, contains 972 words, excluding the parts of the document that are exempted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of May 2022.

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

***Attorney for Carvana, LLC and Bridgecrest Credit Company, LLC***

**CERTIFICATE OF SERVICE**

  I, Ashia Crooms-Carpenter, hereby certify that, on May 2, 2022 a true and correct copy of the foregoing was served upon Arthur Hill using the Court's CM/ECF system:

 Arthur Hill
 2849 Trestle Court SW
 Concord, NC 28025
 ***Pro Se Plaintiff***

            */s/Ashia Crooms-Carpenter*
            ***Attorney for Carvana, LLC and***
            ***Bridgecrest Credit Company, LLC***