IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1-22-CV-37 |
| | ) | |
| CARVANA, LLC and | ) | |
| BRIDGECREST CREDIT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The plaintiff, Arthur Hill, asks the Court to reconsider its decision granting the defendants' motion to dismiss his claim under the Federal Odometer Act. He has done little more than disagree with the Court's decision, and he has not shown clear error or manifest injustice. The motion will be denied.

Mr. Hill moves for reconsideration of the Court's dismissal of his Federal Odometer Act claim, Doc. 21, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Doc. 24 at 1; Doc. 25 at 5. But Rule 59(e) applies only to final judgments. *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). The order dismissing Mr. Hill's Federal Odometer Act claim was not a final judgment, as it did not dismiss all claims in the complaint.

The Court's order is nonetheless reviewable, though as an interlocutory order under Rule 54(b). *See U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018). Federal Rule of Civil Procedure 54(b) provides that "any

order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for newly discovered evidence; (2) to account for a change in applicable law; or (3) to correct a clear error causing manifest injustice. *See Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *Hatch v. DeMayo*, No. 16-CV-925, 2021 WL 1124389, at *2 (M.D.N.C. Mar. 24, 2021), *appeal filed*, No. 21-1480 (4th Cir. Apr. 28, 2021).

Mr. Hill has not identified any newly discovered evidence or any changes in controlling law. Rather, he contends that the Court got it wrong. Doc. 24 at 1. But he does little more than rehash the same arguments this Court already considered previously in ruling on the motion to dismiss. This is not an appropriate basis for a Rule 54(b) motion. *See Carlson*, 856 F.3d at 325. There is no productive reason for the Court to explain, again, the reasons for its decision.

To the extent Mr. Hill contends that it was error to rely on the unpublished opinion in *Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220, 223 (4th Cir. 2002) (per curiam), Mr. Hill is mistaken. He is correct that unpublished decisions of the Fourth Circuit are not binding, but these opinions are entitled "to the weight they generate by the persuasiveness of their reasoning." *Collins v. Pond Creek Mining.*, 468 F.3d 213, 219 (4th Cir. 2006) (cleaned up). The Court explicitly found *Gavin* to be persuasive and cited the decision accordingly. *See* Doc. 21 at 4 (citing *Gavin* as "persuasively holding . . . ."). Nor did defense counsel violate Local Rule 7.2(c) by not attaching a copy of the decision

in *Gavin* to its brief. The rule makes clear that "published decisions include decisions published in widely used reports and electronic databases, specifically including Westlaw and LEXIS." L.R. 7.2(b). Because *Gavin* is available on Westlaw, it is a published decision under the Local Rules.

Mr. Hill has not established that it was clear error to dismiss his Federal Odometer Act claim, nor has he shown any manifest injustice that requires correction. His motion for reconsideration will be denied.

The parties are reminded that "[t]he extravagant use of adverbs is distracting at best and constitutes little more than opinions of [the parties]. Indignation does not support a claim for relief or justify a motion to dismiss, and histrionics have no place in legal briefs." *Hayes v. Self-Help Credit Union*, No. 13-CV-880, 2014 WL 4198412, at *2 (M.D.N.C. Aug. 22, 2014).

It is **ORDERED** that Mr. Hill's motion for reconsideration, Doc. 24, is **DENIED**.

This the 17th day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE