IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No: 22-CV-00037

FILED
MAY 17 2022
IN THIS OFFICE
Clerk U.S. Dist Court
Greensboro
By_____

ARTHUR HILL,                          )
                                      )
        Plaintiff, pro se,            )
                                      )
    vs.                               )
                                      )
Carvana, LLC. and                     )
Bridgecrest Credit Company, LLC.      )
                                      )
        Defendants.                   )
                                      )

### PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING COUNT 4

Plaintiff Arthur Hill ("Plaintiff") files this reply to Defendant Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest")(collectively "Defendants") Response In Opposition to Plaintiff's Motion for Reconsideration.

### ARGUMENT

Plaintiff asked the Court, in his Motion for Consideration, to alter its Order or certify for interlocutory appeal. The basis was not focused on a singular reason of forgery, as the Defendants claim when they state in response "Central to all of Plaintiff's arguments is that the Court failed to consider Plaintiff's allegations of forgery." The Defendants' response focuses on a 35-mile difference as being supposedly immaterial; thus, a violation of the odometer act is not violated with intent to defraud. And of course, fraudulent concealment

1

is not mentioned or addressed by the Court. The Court's order implies that forging

documents and misrepresenting the mileage is apparently irrelevant as far as intent to

defraud is concern. As long as Carvana violated the act and the difference is some

arbitrarily made-up number, it's ok and there was no intent to defraud. This arbitrary

number could be any number the Court chooses. This same arbitrary immateriality

argument can also extend into other rulings. i.e. "Plaintiff's claim for fraud fails as a matter

of law because the amount is immaterial. Defendants may engage in fraud as long as they

stay below the Court's undisclosed threshold amount." The Court's order also implies that

if Carvana can manage to conceal their misrepresentations beyond the 2-year statute of

limitations so that it could not have been raised in related case 1:21-CV-00714, that too is

ok.

As argued and obvious in the Court's order, the Court began by pronouncing the

legal standard which it did not follow. The Court then either manufactured certain findings

or misinterpreted the SAC. For example, the Court's finding that "The complaint and

attached exhibits allege that Carvana gave Mr. Hill one odometer statement when he

bought the car *and another one soon thereafter* and that the mileage reported on the two

statements differed by 35 miles." is partly supported by the record as Plaintiff was provided

the first odometer disclosure 2 days after he signed documents to purchase the subject

vehicle. But it is entirely false when the Court states "*and another one soon thereafter*".[1]

---

[1] Counsel for Defendants avoids any reference to this finding in the response given it is false and favorable to the moving party.

This finding is completely made up as if the Order itself was drafted by Counsel for Defendants.   The record clearly does not support the Court's made-up finding.

Contrary to Defendants argument that Plaintiff's central argument involved forgery, Plaintiff doesn't simply rely on allegations of forgery in his Motion for Reconsideration. Defendants simply say this to avoid substantially addressing the motion to reconsider.  It was also improper for the Court to consider the unpublished opinion cited in the Motion to Dismiss without Defendants providing a copy to the Court (and Plaintiff).

## A.     THE COURT'S CONSIDERATION OF GAVIN WAS IMPROPER AND PREJUDICIAL TO PLAINTIFF.

In this case and as argued, *Gavin* was cited in the Defendant's motion to dismiss without any indication that it was an unpublished opinion and a copy was not provided to the Court or the Plaintiff.  Plaintiff argued that was a violation of LR 7.2(c).  Counsel for Defendant argues that "Because Gavin is available on Westlaw, it was considered a published decision for purposes of the Local Rules governing this case and as such, counsel for Defendants had no obligation to provide this Court or Plaintiff with a copy of the opinion under Local Rule 7.2(c). See Edwards v. Parrish Tire Co., No. 1:18CV811, 2019 WL 4246671, at *5 (M.D.N.C. Sept. 6, 2019) ("a case is not unpublished if it is available on Westlaw or LEXIS") (citing LR 7.2(b)-(c)).".  By this logic, most cases that are clearly identified as unpublished but are listed in Westlaw or Lexis are considered published for the purpose of local rules.

The Middle District Court has stated that "[u]npublished opinions are not favored

3

in this Court and are not binding precedent." Salami v. N.C. Agricultural & Technical State University, 394 F. Supp. 2d 696, 715-16 (M.D.N.C. 2005). The Defendant in *Salami* cited to Newsom v. Barnhart, No. 03-2034, 2004 WL 2617772 (4th Cir. Nov. 18, 2004), an unpublished opinion apparently listed in Westlaw. This Court stated "Unpublished opinions are not favored in this Court and are not binding precedent. Local R. App. Pro. 36(c). However, Newsom can be distinguished from the instant case."

E.D.N.C. Local Rule 7.2(d) provides:

Unpublished decisions may be cited only if the unpublished decision is furnished to the court and to opposing parties or their counsel when the memorandum is filed. The unpublished decision of a United States District Court may be considered by this court. The unpublished decision of a United States Circuit Court of Appeals will be given due consideration and weight but will not bind this court. Such unpublished decisions should be cited as follows: United States v. John Doe, 5:94-CV-50-F (E.D.N.C. Jan. 7, 1994) (unpublished) and United States v. Norman, No. 74-2398 (4th Cir. June 27, 1975) (unpublished).

In one case, an Eastern District Judge expressly stated that it did not consider an unpublished decision from the Northern District of New York because the party that cited it "had fail[ed] to supply a copy of the decision to plaintiff's counsel or to the court." United States v. One 1985 Mercedes Benz Automobile, 716 F. Supp. 211, 212 (E.D.N.C. 1989). However, as would be expected, the Eastern District Court will consider an unpublished opinion if properly provided to the Court. See, e.g., Blue v. United Way of Cumberland County, 41 F. Supp. 3d 470, 472-73 (E.D.N.C. 2014) (Defendant "argues that the court should not consider [the Fourth Circuit's] *Daniels* [case] because it is unpublished. It is

4

true that *Daniels* is not binding precedent in this circuit and that the Fourth Circuit 'disfavors' citation to unpublished opinions. However, the court considers *Daniels* persuasive authority given the similarity of the facts alleged in *Daniels* and this case and the strength of the *Daniels* reasoning."). But here, neither this Court nor Counsel for Defendants mentioned or provided any indication that their citation was to an unpublished decision. This Court essentially treated *Gavin* as binding precedent or the law of the case and neither Defendants' Counsel nor the Court has articulated the underlying alleged facts from *Gavin* that are similar to this case. See also <u>Ashiegbu v. Purviance</u>, 74 F. Supp. 2d 740 (S.D. Ohio 1998) which stated:

> As an aside, in her motion, Defendant cites to a number of unpublished opinions without attaching a copy of those opinions for the Court (and Plaintiff) in violation of Local Rule 7.2(b)(4). Because Plaintiff has been prejudiced by not receiving a copy of these unpublished opinions, the Court will not consider these opinions in deciding Defendant's motion for summary judgment. For future reference, the Court reminds Defendant's counsel that when citing unpublished opinions, copies of those opinions should be attached to the relevant brief — especially in cases involving pro se litigants who should not be expected to have copies of those opinions. See S.D.Ohio L.R. 7.2(b)(4).

Plaintiff himself can't even access the *Gavin* decisions in the lower court or appeals court docket to research the underlying allegations and the Courts' reasoning. Plaintiff argued as much in his motion for reconsideration. It is also worth noting that *Gavin* was not the result of a motion to dismiss under Fed. R. Civ. P. 12. The FOA claim in *Gavin* (Count 1) was dismissed as a matter of law only after trial, thus the standards for review were entirely different. Plaintiff assumes the Court did not actually read the unpublished opinion. If that

5

was not the case, it seems odd and biased that the Court would consider unpublished opinions when **(a)** a *pro se* party is involved, **(b)** Counsel for opposing party cites to but does not provide a copy of an unpublished opinion to the Court or the *pro se* party and **(c)** the *pro se* party makes no mention of the opinion being unpublished. Yet the same Court may NOT consider an unpublished opinion when an attorney and the Court does not receive a copy of an unpublished opinion under similar circumstances. Regardless, the Court's reliance on *Gavin* was not proper and shouldn't have been considered. This is the only instance the Plaintiff could find where any Court relied on *Gavin* for a FOA claim.

## CONCLUSION

The Court should reconsider its order to at least explain its reasoning for reliance on *Gavin* and show how the underlying factual allegations of the cases are substantially similar. The Court's order does not explain this and neither does the unpublished opinion explain its reasoning from the lower Court in *Gavin*. Furthermore, the Court should certify for interlocutory appeal if it does not reverse its decision to dismiss the Plaintiff's FOA claim. Otherwise, Plaintiff would have no choice but to seek discretionary review or mandamus relief from the Fourth Circuit.

Respectfully submitted this the 8th day of May, 2022.

*Arthur Hill*

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
***Plaintiff, pro se***

6

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.3(d)(1) of the Rules of this Court, I certify that **PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING COUNT 4,** which was prepared using Times New Roman 13-point typeface, contains 1,774 words, including the parts of the document that are excepted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system "Microsoft Word" used to the prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

This the 8th day of May, 2022.

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
*Plaintiff, pro se*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING COUNT 4** were served upon the following attorneys by e-mail:

Ashia Crooms-Carpenter
Nelson Mullins Riley & Scarborough LLP
301 South College Street, Suite 2300
Charlotte, NC 28202
Email: ashia.carpenter@nelsonmullins.com
Phone: 704.377.4814

This the 8th day of May, 2022.

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
*Plaintiff, pro se*

8