IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| Plaintiff, pro se, | ) | |
| vs. | ) | 1:21-CV-00714 |
| Carvana, LLC. | ) | |
| Defendants. | ) | |
| ARTHUR HILL, | ) | |
| Plaintiff, pro se, | ) | |
| vs. | ) | 1:22-CV-00037 |
| Carvana, LLC. and Bridgecrest Credit Company, LLC. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO CONSOLIDATE CASES 1:21-CV-00714 AND 1:22-CV-00037

Plaintiff submits this Memorandum of Law pursuant to Fed. R. Civ. P. 42(a) in support of his motion to consolidate two related cases: 1:21-CV-00714 ("Hill I") and 1:22-CV-00037 ("Hill II").

### I. NATURE OF THE MATTER BEFORE THE COURT

This matter comes to the Court on Plaintiff's Motion to Consolidate two related cases for judicial economy because they have common questions of law and fact.

1

## II. RELATED FACTS AND PROCEDURAL HISTORY

Plaintiff filed Hill I against Carvana, LLC (hereinafter "Carvana") in state court on August 12, 2021, alleging claims under (1) Fair Credit Reporting Act ("FCRA") and (2) various state or common law claims. According to the Complaint, Carvana inquired into the Plaintiff's credit information held by Experian in April and August 2020 without a permissible purpose. The complaint generally alleges that Carvana incorporated a hidden credit disclosure during the purchase of a BMW 328i ("BMW") which was not in compliance with their agreements with Experian in order to dupe unsuspecting consumers into agreeing to allow Carvana unlimited future access to their credit files with Experian under the false pretense of pre-qualification for a loan with written consent. Plaintiff demanded a jury trial regarding Hill I.

On the same day that Hill I was removed to this Court, Plaintiff was contacted by WSOC-TV related to that case because they were reporting on issues involving Carvana's ban in Wake County. A conversation with a WSOC-TV reporter eventually led to discoveries by the Plaintiff regarding other events that he was not yet aware of. As a result, Plaintiff filed Hill II against Carvana and Bridgecrest Credit Company, LLC (hereinafter "Bridgecrest") in state court on October 28, 2021 alleging violations of state or common laws involving the purchase of the BMW mentioned in Hill I. Those claims included (1) Fraud, (2) Retail Installment Sales Act ("RISA") and (3) Unfair and Deceptive Practices. Both Carvana and Bridgecrest demanded a jury trial when they answered the original

2

complaint for Hill II in state court.

Hill II was amended by consent to add a Truth In Lending Act ("TILA") claim and was promptly removed to this Court on January 18, 2022. Plaintiff filed a second amended complaint for Hill II on January 19, 2022 to add a claim for violation of the Federal Odometer Act ("FOA").

## I. LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). When determining whether consolidation is appropriate, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. In re Cree, Inc., Secs. Litig., 219 F.R.D. 369, 371 (M.D.N.C. 2003). A district court has "broad discretion" regarding whether or not to consolidate cases. See Superior Performers, Inc. v. Family First Life, LLC, No. 1:14CV382, (M.D.N.C. Oct. 21, 2014) (citing A/S J. Ludwig Mowinckles Rederiv. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977)).

## II. ARGUMENT

### A. Hill I AND HILL II ARE RELATED CASES

First, the relationship between Carvana, Bridgecrest and Plaintiff was initiated in

3

August 2019 due to the purchase of a 2016 BMW 328i ("BMW") and these facts are stated in both cases. Carvana and Bridgecrest are affiliates by common ownership. Carvana and Bridgecrest are actually being represented by the same attorneys. Bridgecrest is the servicer and assignee of Carvana. Plaintiff sent all payments to Bridgecrest and Bridgecrest reported Plaintiff's payment history to the credit reporting agencies.

Second, the facts related to the RISA claim, as alleged in Hill II, occurred after and are supplemental to claims stated in Hill I. Furthermore, every claim stated in Hill II could have been alleged and raised in Hill I as part of a Motion to Amend and Supplement the Complaint if the Plaintiff had sufficient knowledge of the facts giving rise to those claims. And all claims in Hill II, except for RISA, would relate back to Hill I if that case were amended.

## B. HILL I AND HILL II INVOLVE CARVANA AND COMMON QUESTIONS OF LAW OR FACT.

Hill I and Hill II involve Defendant Carvana a common question of law or fact. All events giving rise to claims in both cases began with a transaction that occurred in August 2019 with the purchase of the BMW from Carvana and they overlap. For example, in Hill I, Plaintiff alleges he discovered that during the purchase of the BMW, he was unaware of a hidden credit disclosure which he believed formed the basis for Carvana inquiring into his credit on two dates in 2020 without his knowledge or consent. The FCRA claims in Hill I fall between RISA and other claims in Hill II. In Hill II, Plaintiff also alleges a violation of risk-based pricing notice requirements of the FCRA, although he would be

4

unable to privately enforce a violation. Both cases involve questions of both federal and state law. The timeline for the events is as follows:

| Seq | Claim | Violation Date | Discovery | Filed/Added | Case No. | Note |
|---|---|---|---|---|---|---|
| 1 | Fraud | 8/17/2019 | September 2021 | 10/28/2021 | 1:22-CV-00037 | Carvana |
| 2 | Truth In Lending Act | 8/17/2019 | December 2021 | 1/15/2022 | 1:22-CV-00037 | Carvana - Added based on discovery prior to removal |
| 3 | Odometer Act | 8/17/2019 | December 2021 | 1/19/2022 | 1:22-CV-00037 | Carvana - Added based on discovery after removal |
| 4 | Fair Credit Reporting Act | 4/7/2020 | July 2021 | 8/12/2021 | 1:21-CV-00714 | Carvana |
| 5 | Fair Credit Reporting Act | 8/17/2020 | July 2021 | 8/12/2021 | 1:21-CV-00714 | Carvana |
| 6 | Retail Installment Sales Act | 10/28/2021 | October 2021 | 10/28/2021 | 1:22-CV-00037 | Carvana and Bridgecrest |

As seen, the claims in Hill II come before and after Hill I. The FCRA claims in Hill II, as alleged, trace back to initial transaction at carvana.com and the claims between the two cases overlap.

### III. CONCLUSION

In conclusion, it should be clear that cases 1:21-CV-00714 and 1:22-CV-00037 are related and involve common questions of fact and law. Therefore, in the interest of judicial economy, the Plaintiff respectfully requests that this Court consolidate the two cases.

Respectfully submitted this the 8th day of May, 2022.

*Arthur Hill*
Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
***Plaintiff, pro se***

5

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.3(d)(1) of the Rules of this Court, I certify that Plaintiff Arthur Hill's Memorandum in Support In Support Of Motion to Consolidate, which was prepared using Times New Roman 13-point typeface, contains 1,261 words, including the parts of the document that are excepted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system "Microsoft Word" used to the prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

This the 8th day of May, 2022.

*Arthur Hill*
Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
***Plaintiff, pro se***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO CONSOLIDATE CASES 1:21-CV-00714 AND 1:22-CV-00037** was served upon the following attorneys by e-mail:

Ashia Bre'ana Crooms-Carpenter
E-Mail: ashia.carpenter@nelsonmullins.com
301 South College Street, 23rd Floor
Suite 2300
Charlotte, NC 28202
Phone: 704-417-3235

Paul T. Collins
E-Mail: paul.collins@nelsonmullins.com
1320 Main Street / 17th Floor
Columbia, SC 29201
Phone: (803) 255-9747

Kadeisha West
E-mail: kadeisha.west@nelsonmullins.com
201 17th Street, 17th Floor
Atlanta, Georgia 30363
Phone: (404) 322-6000

This the 8th day of May, 2022.

*Arthur Hill* (signature)

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
***Plaintiff, pro se***