IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1-22-CV-37 |
| | ) | |
| CARVANA, LLC and | ) | |
| BRIDGECREST CREDIT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff, Arthur Hill, sued Carvana, LLC and Bridgecrest Credit Company, LLC asserting a fraud claim against Carvana along with statutory claims under the Truth in Lending Act, the Federal Odometer Act, the Unfair and Deceptive Trade Practices Act, and the Retail Installment Sales Act, and claims against Bridgecrest under UDTPA and RISA. Before either defendant filed an answer, Mr. Hill moved for summary judgment on some of his statutory claims. In response, Carvana and Bridgecrest filed a cross-motion for summary judgment on the same claims. Because Mr. Hill has not provided undisputed evidence in support of his claims, and because the motions are otherwise premature, both motions will be denied without prejudice.

### I. Procedural History

Beginning in October 2021, Mr. Hill sued Carvana and Bridgecrest in state court asserting claims against Carvana for fraud and violation of TILA and claims against both

Carvana and Bridgecrest for violations of UDTPA and RISA. Doc. 1-1 at 164–68; Doc. 1-2 at 13–18. Carvana and Bridgecrest removed the case under federal question and supplemental jurisdiction, Doc. 1 at 1, and Mr. Hill amended his complaint to include a claim against Carvana for violation of the Federal Odometer Act. Doc. 8 at 25.

In February 2022, Carvana and Bridgecrest filed a motion to dismiss the claims for violation of RISA, the Federal Odometer Act, and TILA. Doc. 10. Before the Court ruled on the motion to dismiss, and before discovery began, Mr. Hill filed a motion for partial summary judgment on the same claims. Doc. 17. He submitted a declaration under oath and various documents in support of his motion. *See* Docs. 19, 19-1–19-8.

A few weeks later, the Court granted the motion to dismiss the Federal Odometer Act claim and denied the motion as to the RISA and TILA claims. Doc. 21. Carvana and Bridgecrest have since filed a cross motion for partial summary judgment on the RISA and TILA claims. Doc. 22. In support, they submitted Mr. Hill's responses to Requests to Admit. Docs. 23-1–23-2. Mr. Hill has responded and submitted additional evidence. Docs. 28, 28-1–28-7.

Mr. Hill also filed a motion for reconsideration of the Federal Odometer Act claim, Doc. 24, which was ultimately denied. Doc. 34. Neither Carvana nor Bridgecrest has yet filed an answer to the amended complaint.

## II. Facts

According to documents provided by Mr. Hill and which appear to be undisputed by Carvana and Bridgecrest, Mr. Hill bought a car from Carvana and financed the purchase through Carvana. *See* Docs. 8-1–8-2. Using a website operated by Bridgecrest,

2

he paid the loan off soon thereafter. Doc. 19 at ¶ 14. Using the same website, he asked for a statement of account. *Id.* at ¶ 15. Neither Bridgecrest nor Carvana responded, *id.* at ¶ 16, but Mr. Hill did receive what appears to be an automated message from Bridgecrest asking him to "please contact Customer Service" for assistance with his request. Doc. 11-1. Later, Mr. Hill used the same website to seek a rebate for claimed unearned finance charges and fees that were not valid. Doc. 19 at ¶ 17. A few months later, Carvana sent Mr. Hill a check for $31.00, but he rejected the check. *Id.* at ¶ 22; Doc. 8-9.

While circumstances tend to indicate that Bridgecrest operated the website Mr. Hill used to manage his loan, the exact role of Bridgecrest is unknown. No party has submitted any evidence establishing any details about Bridgecrest's relationship to Carvana, the loan, or its role in servicing the loan, if that is what it did.

## III. Analysis

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating the absence of any material issue of fact; once the moving party meets its initial burden, the non-moving party must come forward with evidentiary material demonstrating the existence of a genuine issue of material fact requiring a trial. *See Ruffin v. Shaw Indus., Inc.*, 149 F.3d 294, 300–01 (4th Cir. 1998) (per curiam) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)).

### A. Retail Installment Sales Act

The North Carolina Retail Installment Sales Act governs certain loans extended to consumers to buy goods or services for personal, family, or household purposes. *See generally* N.C. Gen. Stat. §§ 25A-1–25A-2. Mr. Hill asserts that Carvana and Bridgecrest violated RISA in three separate ways: by failing to give him a rebate when he paid the loan back early as required by § 25A-32; by charging unauthorized fees in excess of those allowed under RISA, § 25A-44(3); and by failing to provide a statement of account upon request as required by § 25A-35(c).

To prove a "rebate" violation and recover damages under RISA, the buyer must prove: (1) the buyer entered into a consumer credit sales contract with the seller, § 25A-32; (2) the buyer paid the debt in full before maturity, *id*.; (3) as a result of the early repayment, the buyer was entitled to a rebate of a portion of the finance charge, *id*.; (4) the buyer demanded, in writing, the rebate due, § 25A-44(3); and (5) the seller did not pay within 10 days of the request. *Id.*

To prove an "unauthorized fees" violation and recover damages under RISA, the buyer must prove (1) the buyer entered into a consumer credit sales contract with the seller, § 25A-44; (2) the seller either charges or charges and receives fees in excess of those authorized under RISA, § 25A-44(3)(ii); (3) the buyer demanded, in writing, the return of the excessive or unauthorized fees, § 25A-44(3); and (4) the seller did not refund the fees within 10 days of the request. *Id.*

To recover on a "statement of account" claim under RISA, the buyer must prove (1) the buyer entered into a consumer credit sales contract with the seller, § 25A-35(a);

4

(2) the buyer paid the debt in full before maturity, *id*; (3) the buyer requested a statement of account from the seller, *id.*; and (4) the seller failed to provide the statement of account or, if the request was for income tax purposes, the seller failed to provide the statement of account within 30 days of the request. § 25A-35(c).

The dueling motions for summary judgment will be denied without prejudice at this early stage because neither party has established undisputed facts sufficient to support summary judgment in their favor on any of the three RISA claims. The parties argue about the facts in the briefing, but the evidence is slim and largely unexplained. Indeed, Carvana and Bridgecrest have not even answered the amended complaint.

By way of specific example, Mr. Hill has offered no evidence that he made a request for a rebate or a request for a statement of account to a seller. He testifies in his declaration only that he submitted a request at a bridgecrest.com website, Doc. 19 at ¶¶ 15, 17, with no clear evidence linking that website to Carvana and only an inference linking it to Bridgecrest. Statements in Mr. Hill's brief about why he used this website are not evidence. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013); *see also INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (declining to consider "unsupported assertions in respondent's brief" as evidence); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("[U]nsworn statements in a brief are not evidence."); *Estrella v. Brandt*, 682 F.2d 814, 819–20 (9th Cir. 1982) (holding legal memoranda and oral argument are not evidence); *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence.").

5

Even if Mr. Hill's statements were sufficient to show that he made a request of Bridgecrest, he has not offered any evidence to show that Bridgecrest is a seller, as that term is defined by RISA. The statute defines a "seller" as "one regularly engaged in the business of selling goods or services." N.C. Gen. Stat. § 25A-6. According to Mr. Hill's amended complaint and his declaration, Carvana sold him the car and made him the loan. There is no evidence to indicate that Bridgecrest is regularly engaged in the business of selling goods or services or that Bridgecrest sold a good or service to Mr. Hill.

The statute also imposes liability on "an assignee of the seller's right to payment," § 25A-6, and Mr. Hill asks the Court to take judicial notice of a decision by another court in ruling on a motion to compel arbitration that "Bridgecrest is an assignee of Carvana." Doc. 29 at 1 (citing *Mckie v. Bridgecrest Credit Co., LLC*, No. CV 119-097, 2020 WL 2562808, at *4 (S.D. Ga. May 20, 2020)). "While Federal Rule of Evidence 201 allows a court to take judicial notice of a document filed in another court to establish the fact of such litigation, courts cannot take judicial notice of the factual findings of another court." *In re Hunter*, 610 B.R. 479, 491 (Bankr. M.D.N.C. 2019) (cleaned up); *accord Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) (collecting cases), *overruled on other grounds*, *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). The fact that Bridgecrest was a servicer and assignee of another loan made by Carvana does not establish that Bridgecrest is Carvana's assignee of Mr. Hill's loan.

The parties debate in the briefing the exact relationship between Carvana and Bridgecrest, *see* Doc. 23 at 5; Doc. 28 at 8–9, but neither has offered any evidence on the point. Mr. Hill's unverified allegation in the amended complaint that "[o]n information

6

and belief, Carvana and Bridgecrest have servicing agreements" designating Bridgecrest "as the servicer of the Contract," Doc. 8 at ¶ 13, is not evidence at all, much less evidence sufficient to show that Bridgecrest is an assignee. *See, e.g.*, *Anderson,* 477 U.S. at 248–49 (noting that the nonmoving party may not rest on mere allegations and must provide evidence of a genuine dispute). His unsupported statements in his briefing are likewise insufficient. *See Gladden v. Settles*, No. 18-CV-512, 2020 WL 1539725, at *2 (M.D.N.C. Mar. 31, 2020) ("[T]he Court does not consider 'facts' set forth in summary judgment briefs that are not supported by citations to admissible evidence.") (cleaned up).

Nor are Carvana or Bridgecrest entitled to summary judgment at this early stage. They have not offered any declarations about their relationship with each other, and they have provided no documentary evidence to show that Bridgecrest is not Carvana's assignee. Otherwise, they have not submitted evidence to affirmatively rebut Mr. Hill's claims. For example, they did not file a declaration under oath from a knowledgeable person explaining why Mr. Hill's interpretation of the documentary evidence is incorrect or showing that Bridgecrest is not a seller. The Court appreciates that once a defendant makes a motion for summary judgment on a plaintiff's claim, the burden is generally on the plaintiff to come forward with evidence to support each element. *See* Fed. R. Civ. P. 56; *Celotex Corp.*, 477 U.S. at 322. But here, it is not yet clear what facts in the amended complaint Carvana and Bridgecrest deny, and Mr. Hill has a right to discovery under Fed. R. Civ. P. 26(b).

7

As a general rule, summary judgment is not appropriate before completion of discovery. *See Anderson,* 477 U.S. at 250 n.5. It is simply too early for summary judgment in favor of Carvana and Bridgecrest.

No party has shown the absence of a genuine dispute of material fact or that they are entitled to judgment as a matter of law. Both motions for summary judgment will be denied without prejudice to renewal after the defendants answer and after a reasonable period of time for discovery has passed.

### B. Federal Odometer Act

After Mr. Hill filed his pending motion for partial summary judgment, the Court granted Carvana's motion to dismiss the Federal Odometer Act claim. Doc. 21. The Court has also denied Mr. Hill's motion to reconsider the dismissal of that claim. Doc. 34. Mr. Hill's motion for summary judgment in his favor on this claim is denied as moot.

### C. Truth in Lending Act

Congress enacted the Truth in Lending Act, 15 U.S.C. § 1601, in order to promote the "informed use of credit" by assuring "meaningful disclosure of credit terms" to consumers. § 1601(a). If a creditor fails to comply with the requirements of TILA, the consumer has a private cause of action, § 1640, which must be brought within one year of the violation. § 1640(e).

The Court understands from the briefing on these and other motions that Mr. Hill asserts a violation of § 1638(a)(3), which requires disclosure of "[t]he 'finance charge', not itemized, using that term." *See, e.g.,* Doc. 18 at 19 (citing *Polk v Crown Auto Inc.*, 228 F.3d 541, 542 (4th Cir. 2000) (per curiam) (discussing a violation of § 1638(a)(3) for

8

failing to disclose a finance charge)); Doc. 21 at 5–6 (Order denying motion to dismiss and characterizing the claim as a failure to disclose financing charges). To prevail, Mr. Hill must prove (1) he entered into a consumer credit transaction other than under an open end credit plan, § 1638(a); (2) the creditor imposed a "finance charge" as defined by TILA, § 1605(a)(3); and (3) the creditor either (a) did not disclose the "finance charge," § 1638(a)(3), or (b) did not disclose the finance charge "conspicuously segregated from all other terms, data, or information" before the credit was extended. § 1638(b)(1).

As noted *supra*, TILA violations must be brought within one year of the violation. § 1640(e). Mr. Hill admits that the credit documents were provided to him in August 2019, *see* Doc. 18 at 17, and he did not assert a claim for violation of TILA until over one year later in January 2022, when he filed an amended complaint. Nothing else appearing, this claim is barred by the statute of limitations, § 1640(e), on which Carvana relies for its motion for summary judgment. However, Mr. Hill asserts that the statute of limitations was equitably tolled due to fraudulent concealment by Carvana. Doc. 18 at 17.

For similar reasons discussed *supra*, it is too early in the proceedings to resolve this issue in favor of Carvana. As the Court previously explained, Doc. 21 at 5–6, Mr. Hill has adequately pled fraudulent concealment,[1] and he is entitled to discovery on that point. *See Anderson,* 477 U.S. at 250 n.5; Fed. R. Civ. P. 26(b).

---

[1] To toll a limitations period based on fraudulent inducement, "a plaintiff must demonstrate (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim; (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019).

9

Nor is Mr. Hill entitled to summary judgment. Among other reasons, and aside from the statute of limitations issue, he has not provided undisputed evidence that Carvana imposed an undisclosed finance charge. TILA defines a "finance charge" as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit[,]" and specifically excludes "charges of a type payable in a comparable cash transaction." 15 U.S.C. § 1605(a). Mr. Hill's identification of the undisclosed "finance charge" is not a model of clarity, *see* Doc. 8 at ¶¶ 103–04, and it is not clear that disclosed but misapplied fees, *id.* at ¶ 105, constitute finance charges under the statute. Mr. Hill's conclusory assertion in a brief that the "fees and interests [imposed] aren't typical in a cash transaction," Doc. 18 at 20, is not evidence. *See Gladden*, 2020 WL 1539725, at *2. Mr. Hill's motion for summary judgment is denied.

## IV. Conclusion

Courts "rely on the parties to frame the issues for decision" and ordinarily should not make arguments that are not presented by the litigants. *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (cleaned up). Courts are neutral arbiters, not advocates, *id.*, and courts are not required to scour the record for evidence. *See Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) ("[A] court is not required to scour the record in search of evidence to defeat a motion[.]") (cleaned up); *Cray Commc'ns, Inc. v. Novatel Comp. Sys., Inc.,* 33 F.3d 390, 396 (4th Cir. 1994) (noting that the district court is "well within its discretion in refusing to ferret out the facts that counsel had not bothered to excavate"). It is not the Court's job to undertake the analysis and legal research

needed to support a perfunctory argument, *see Lab. Corp. of Am. Holdings v. Kearns,* 84 F. Supp. 3d 447, 459–60 (M.D.N.C. 2015), nor should a party "expect a court to do the work that it elected not to do." *Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014).

The Court wants to make the correct decisions. To accomplish that goal, it would help if the parties provide better assistance: clear briefs that focus on the elements of a cause of action or defense, that cite with specificity the evidence supporting or undermining those elements or the defense, and that identify legal authority supporting their views. *See, e.g.*, LR 7.2(a); LR 56.1(d)–(e). Conclusory assertions, opinions, and glossed-over elements are not helpful.

Both motions for summary judgment will be denied without prejudice to renewal after Carvana and Bridgecrest answer the amended complaint and after a reasonable period of time for discovery has passed.

For the reasons stated herein, it is **ORDERED** that:

1. Mr. Hill's motion for partial summary judgment, Doc. 17, is **DENIED**.
2. Carvana and Bridgecrest's cross-motion for partial summary judgment, Doc. 22, is **DENIED**.

This the 23rd day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE